UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
JAMES LYNCH,

                              Plaintiff,

                  -against-

Detective EDWARD SINCLAIR, Shield No. 5116;
Detective JAMES ROGELIO, Shield No. 2660;
and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                           Defendants.
---------------------------------------------------------------- x

**COMPLAINT**

14 CV 5485

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff James Lynch ("plaintiff" or "Mr. Lynch") is a resident of Kings County in the City and State of New York.

7.      Defendant Detective Edward Sinclair, Shield No. 5116 ("Sinclair"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Sinclair is sued in his individual and official capacities.

8.      Defendant Detective James Rogelio, Shield No. 2660 ("Rogelio"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Rogelio is sued in his individual and official capacities.

9.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.      At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12.     At approximately 2:15 p.m. on February 15, 2012, Mr. Lynch was lawfully walking in the vicinity of Pitkin and Rockaway Avenues in Brooklyn, New York.

13.     Defendants came up from behind Mr. Lynch, violently grabbed him and began to search his knapsack without his permission.

14.     As defendants unlawfully searched Mr. Lynch's belongings they discovered legally prescribed methadone medication in a lawful prescription bottle bearing plaintiff's name.

15.      Without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendants tightly handcuffed Mr. Lynch and put him in a prisoner van.

16.     Mr. Lynch was eventually taken to the 77th precinct.

17.     At the precinct defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in criminal possession of a controlled substance.

18.     At no point did the officers observe Mr. Lynch commit any crime or offense.

19.     Plaintiff was taken to Brooklyn Central Booking.

20.     Mr. Lynch was arraigned in Kings County Criminal Court, where he was released on his own recognizance after approximately twenty-four hours in custody.

21.     After being compelled to return to criminal court, the charges against Mr. Lynch were eventually dismissed in their entirety.

22.     Mr. Lynch suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

23.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

25.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

26.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

28.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

29.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

31.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there

was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

32.     As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Unreasonable Force

33.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

35.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     The individual defendants created false evidence against plaintiff.

38.   The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

39.   In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

40.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

41.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.   Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43.   Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

44.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

-7-

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:        September 18, 2014
               New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwandf.com

*Attorneys for plaintiff*